Not for Publication                                          (Docket Entry No. 18, 22)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                     :

READY PAC PRODUCE, INC.,       :
                                       :
              Plaintiff,        :        Civil No. 07-3402 (RBK)
                                         :
              v.                 :        **OPINION**
                                         :
G.P. BORAK ENTERPRISES, LLC., et al,  :
                                         :
             Defendants.     :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court on the motions of Defendant Gary Borak to vacate the default previously entered and to dismiss the complaint of Plaintiff Ready Pac Produce, Inc. for lack of personal jurisdiction and improper venue.  Borak also purports to represent Defendant G.P. Borak Enterprises, LLC, though he is not an attorney licensed in this jurisdiction.  For the reasons that follow, the default against Gary Borak only will be lifted, and Borak's motions to dismiss or transfer this case will be denied.

**I.      BACKGROUND**

The Court reviews the facts as alleged in the Second Amended Complaint.  Plaintiff Ready Pac Produce is a California corporation with an office in Florence, New Jersey.  Ready Pac contracted with Gary Borak and his company, G.P. Borak Enterprises, LLC to arrange transportation of goods.  Borak is the sole owner and shareholder of his company, with his

1

residence and place of business in New Hampshire.  Some of the arrangements with Ready Pac

included freight-hauling subcontracts with other companies operating in the New England area,

including defendant Hartt Transportation Systems, Inc.  According to Ready Pac, pursuant to

agreements created by Borak, Hartt would pick up freight from the Poland Spring Water

Corporation and transfer it to Ready Pac, who would in turn deliver the freight to various

locations in New Jersey.  The parties transported freight in this way from August 2006 to March

2007.  For this work, Borak received payment from Hartt, which he was to forward to Ready Pac.

Ready Pac alleges that though it submitted invoices to Borak, none of the payments received by

Borak have been properly forwarded to Ready Pac.  According to Ready Pac, Borak disputes that

he received payment from Poland Springs or Hartt; however, Ready Pac alleges that Borak did

indeed receive payments and kept the money himself.

Ready Pac filed a complaint against Gary Borak, G.P. Borak Enterprises (jointly "the

Borak Defendants"), and Poland Spring on July 23, 2007.  Ready Pac amended the complaint on

August 3, 2007.  (A Second Amended Complaint, adding Hartt as an additional defendant, was

filed on February 13, 2008.)  Both Borak Defendants were served at the office G.P. Borak

Enterprises on August 27, 2007.  (Docket Entry No. 7, 8.)  On September 13, 2007, the Borak

Defendants, through New Hampshire attorney Jean-Claude Sakellarios, moved for an extension

of time in which to respond to the complaint.  On October 9, 2007, the Clerk of the Court sent a

letter to attorney Sakellarios, advising him that because he was not a member of the Bar of New

Jersey, he could not enter an appearance or file papers in this Court.  The Clerk also advised

Sakellarios of Local Civil Rule 101.1.  On October 30, 2007, United States Magistrate Judge

Ann Marie Donio struck the motion to extend time and ordered the Borak Defendants to file a

responsive pleading by November 16, 2007.  (Docket Entry No. 12.)  The Borak Defendants did

not comply with this order, and on November 19, 2007, Ready Pac moved for entry of default

against them.  The Clerk entered default the same day.

On November 26, 2007, Gary Borak filed an appearance on his own behalf in this case.

He moved to dismiss the complaint against him for lack of personal jurisdiction and for improper

venue.  He also moved, on December 6, 2007, to vacate the defaults entered against him

individually and G.P. Borak Enterprises.  The Court takes up the motions out of order and will

first consider whether the default against either of the Borak Defendants should be lifted, and

then, if necessary, analyze the issues of personal jurisdiction and venue.

## II.   MOTION TO VACATE DEFAULT

### A.   Default Judgment Standard

In general, federal courts disfavor defaults, and where a party moves to set aside a default,

courts should decide doubtful cases in favor of the party moving to set aside a default entry "so

that cases may be decided on their merits."  United States v. $55,518.05 in U.S. Currency, 728

F.2d 192, 194-95 (3d Cir. 1984).  Federal Rule of Civil Procedure 55(c) states that "[f]or good

cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c).  The Third

Circuit requires lower courts to consider three factors when determining whether to set aside a

default judgment under Rule 55(c):  "(1) whether plaintiff will be prejudiced if default is not

granted; (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was

the result of culpable misconduct."  $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

Overarching these three factors is the requirement that a defendant appear in a case to

contest the entry of default.  Gary Borak has purported to enter a *pro se* appearance on behalf of

himself and G.P. Borak Enterprises, LLC.  However, it is well-settled law that a corporation

cannot represent itself in federal court.  Rowland v. California Men's Colony, 506 U.S. 194, 202

(1993); Beale v. Dep't of Justice, No. 06-2186, 2007 WL 327465 (D.N.J. Jan. 30, 2007).  This

rule applies with equal force whether the corporation is a plaintiff or a defendant.  See Beale,

2007 WL 327465, at * 3; United States v. Cochivera, 104 F.3d 566, 571-73 (3d Cir. 1996).  This

rule is reinforced by the New Jersey Court Rules, which provide that "a business entity other than

a sole proprietor shall neither appear nor file any paper in any action in any court of this State

except through an attorney authorized to practice in this State."  N.J.R. 1:21-1(c).

    G.P. Borak Enterprises, LLC, though it has one owner and shareholder, was formed as an

LLC.  (Borak Aff. Nov. 26, 2007 ¶ 3.)  Unlike a sole proprietorship, which has no legal existence

apart from its owner, a limited liability company has an independent status and differs with

regard to the company's ability to limit the liability of its members for the company's actions.

For this reason, G.P. Borak Enterprises, LLC is a corporate entity and can only appear in this

Court through representation by a New Jersey attorney.  No attorney has entered an appearance

on behalf of G.P. Borak Enterprises, LLC, and Gary Borak has indicated to this Court that he has

not retained New Jersey counsel.  (Mot. to Vac. ¶ 1.)  Because he is not an attorney licensed to

practice in New Jersey, Gary Borak cannot represent G.P. Borak Enterprises, LLC before this

Court, and the Court will consider Borak's motion to vacate the default only on behalf of Borak

himself.[1]

---

[1]Ready Pac, in its opposition to Borak's motion to vacate the default, requests the Court prohibit Borak from using "ghostwritten pleadings" or "unbundled legal services."  No motion was filed on this issue, and Ready Pac has no evidence of ghostwritten submissions.  The Court merely notes that Borak is currently proceeding pro se.

**B.      Meritorious Defense**

The Third Circuit has stated that "the threshold question in th[ese] case[s] is whether [the

defendant] . . . established a meritorious defense." Id. at 195.  Setting aside the default judgment

would be pointless if the defendant "could not demonstrate the possibility of winning." Id.  A

defendant establishes a "meritorious defense when [defendant's] allegations, if established at

trial, would constitute a complete defense." Id.  A complete defense must "allege[ ] specific facts

beyond simple denials or conclusionary statements." Id.

Borak, through his motion to dismiss the complaint against him, argues that this Court

does not have personal  jurisdiction over him.  He provides an affidavit in which he avers that he

conducts business in New Hampshire, does not work in New Jersey, and never conducted

business in New Jersey. (Borak Aff. Nov. 26, 2007 ¶¶ 2, 7, 8, 14.)  Without analyzing the merits

of Borak's contentions at this point, lack of personal jurisdiction would constitute a complete

defense to Ready Pac's complaint.  See Heartland Payment Systems, Inc v. Park, Civ. No.06-

3456, 2007 WL 1101447, *2 (D.N.J. Apr. 10, 2007) (holding defense of lack of personal

jurisdiction to be meritorious and vacating default).  The Court finds that this factor favors

setting aside the default.

**C.      Prejudice to the Plaintiff**

The next question concerns whether the plaintiff will be prejudiced by lifting the default

judgment.  Delay itself does not constitute prejudice, even when combined with costs of

additional litigation and postponement of satisfaction of a claim.  Feliciano v. Reliant Tooling

Co., 691 F.2d 653, 656-57 (3d Cir. 1982).  Prejudice may result from loss of available evidence,

increased potential for fraud or collusion, or substantial reliance on the judgment.  Id. at 657.

Ready Pac does not assert that it would be prejudiced by lifting the default.  As no prejudice has been shown, the Court finds that this factor favors setting aside the default.

### D.      Defendant's Culpable Misconduct

The final factor to consider asks whether the defendants' failure to respond in time was the result of culpable misconduct.  Based on his attempt to seek an extension of time through his New Hampshire lawyer, the Court concludes Borak knew that he needed to respond to the complaint against him and was aware of the deadline of November 16, 2007 imposed by Judge Donio.  However, there is no evidence that he willfully neglected to respond.  Borak argues that he attempted to retain New Jersey counsel but was unsuccessful and so was "obliged to attempt to file the appropriate pleadings by [himself] and with great difficulties."  (Mot. to Vac. ¶ 1-2.)  In the absence of evidence of bad faith, this factor weighs in favor of setting aside the default.  The default was entered only three days after the response deadline, and Borak appeared and contested jurisdiction seven days later.  See Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123-24 (3d Cir. 1983) ("No willfulness is mirrored in the record.").  No culpable misconduct is evident, and this factor weighs in favor of setting aside the default.

### E.      Conclusion

Because Borak has presented a meritorious defense, Ready Pac has not suffered prejudice, and Borak's failure to defend the suit was not the result of culpable misconduct, the default judgment will be set aside as to Defendant Borak.  The default judgment entered against Defendant G.P. Borak Enterprises, LLC stands.

### III.     PERSONAL JURISDICTION

#### A.     Standard

Defendant Borak argues that this Court cannot exercise personal jurisdiction over him.

Once a defendant raises the defense of lack of personal jurisdiction, the burden shifts to the

plaintiff to prove by a preponderance of evidence facts sufficient to establish personal

jurisdiction.  Carteret Savs. Bank F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  To

exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake

a two-step inquiry.  First, the court must apply the relevant state long-arm statute to see if it

permits the exercise of personal jurisdiction.  Second, the court must apply the principles of due

process.  Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  In New Jersey, this

inquiry is collapsed into a single step because the New Jersey long-arm statute permits the

exercise of personal jurisdiction to the fullest limits of due process, and so New Jersey courts

look to federal law for the interpretation of the limits on personal jurisdiction.  Id.

Personal jurisdiction under the Due Process Clause depends on the "relationship among

the defendant, the forum, and the litigation."  Imo Indus., 155 F.3d at 259.  Physical presence

within the forum is not required; instead, the plaintiff must show that the defendant purposefully

directed his activities toward the residents of the forum state, or otherwise "purposefully availed

[himself] of the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws."  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462,

476 (1985); Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Personal jurisdiction can be either in the form of "specific jurisdiction" or "general

jurisdiction."  If the plaintiff's cause of action relates to or arises out of the defendant's contacts

with the forum, the court is said to exercise "specific jurisdiction." Id.  If the plaintiff's claim

does not arise out of the defendant's contacts with the forum, the court is said to exercise

"general jurisdiction"; under general jurisdiction, the contacts must be shown to be "continuous

and systematic." Id. at 259 n.2.

**B.      Specific Jurisdiction**

For a court to properly exercise specific jurisdiction under the Due Process Clause, a

plaintiff must satisfy a two-part test.  First, a plaintiff must show that the defendant has

constitutionally sufficient "minimum contacts" with the forum.  Second, the court must

determine in its discretion that to extend jurisdiction "would comport with 'traditional notions of

fair play and substantial justice.'" Imo Indus., 155 F.3d at 259 (citing Burger King Corp., 471

U.S. at 474; Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

**C.      General Jurisdiction**

Courts may exercise general personal jurisdiction when a defendant's contacts with the

forum arise from activities outside the scope of the instant action.  The Court can exercise

general jurisdiction over a defendant only if the defendant is found to have "continuous and

systematic contacts with the forum state." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d

Cir. 2001).  This inquiry has been characterized as requiring the plaintiff to "show significantly

more than minimum contacts." Provident Nat'l Bank v. Cal. Fed. Savs. & Loan Assoc., 819 F.2d

434, 437 (3d Cir.1987).

**D.      Application**

Borak contends that he does not have sufficient contacts with New Jersey to give rise to

either general or specific jurisdiction.  He notes that his business offices are in New Hampshire,

and he was sought out in New Hampshire by Ready Pac.  He argues that

> [i]n effect, the Plaintiff located and contacted the Borak defendants in New
> Hampshire and sought the defendants' assistance as freight intermediaries to
> locate, within the Plaintiff's area of needs, truck loads for transportation for their
> trucks so that they could carry these when their trucks were empty for the returns
> from their specific deliveries fo their own goods.  These loads amortized the costs
> of operating the trucks which would be caused by an empty return for the
> Plaintiff, as the Borak defendants are informed and believe.  (Mot. to Dismiss at
> 2-3.)

Borak further contends that he has had no contact with New Jersey related to these

arrangements, and he contends that he never sought business, shipped goods, or advertised in

New Jersey.  He argues that he did not act as a "broker" but rather "located loads at the specific

requests" of Ready Pac.

Ready Pac contests this version of the relationship between the parties.  Ready Pac

provides the affidavit of William Porter, a warehouse shipping supervisor who worked for Ready

Pac as a dispatcher between August 2006 and March 2007.  Porter avers that he is familiar with

the relationship between Ready Pac and Borak because as a dispatcher he was responsible for

arranging and monitoring the logistics of driver and shipping operations.  (Porter Aff. ¶1.)

According to Porter, between August 2006 and March 2007, Ready Pac transported

approximately 2,400 shipments of freight at the request of Gary Borak.  (Porter Aff. ¶ 2.)  Porter

avers that for each of these shipments, he personally received at his New Jersey office a

corresponding facsimile from Borak or Borak's company including instructions about how Ready

Pac should assign trucks and drivers and information such as the name of the shipper and the

points of origin and destination of the freight.  (Porter Aff. ¶¶ 4-5.)  Approximately 50% of these

shipments had a destination in New Jersey.  (Porter Aff. ¶ 7.)  Porter also says that he spoke with

Borak over the telephone about these shipments, sometimes as many as twenty times in one day. (Porter Aff. ¶ 8.)  Finally, Porter avers that Borak appeared at Ready Pac's New Jersey offices on at least five separate occasions between August 2006 and March 2007. (Porter Aff. ¶ 10.)  On these visits, Borak attended drivers' safety meetings, promotional dinners, and social events with Ready Pac supervisors and employees, allegedly to attempt to obtain more business from Ready Pac.  (Porter Aff. ¶¶ 10-12.)

Although the plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction, the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Carteret, 954 F.2d at 142 n.1; Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  The Court therefore accepts Ready Pac's allegations concerning Borak's contacts with the company and Porter specifically, including Ready Pac's contention that Borak visited the New Jersey offices of Ready Pac five times.

Borak's contacts thus include entering into a business arrangement with a New Jersey corporation, engaging in telephone and facsimile contact with that New Jersey corporation, and visiting the State of New Jersey for business with that New Jersey corporation five times.  The business arrangement itself is not sufficient to give rise to personal jurisdiction in New Jersey. Mellon Bank, 960 F.2d at 1223.  To be subject to jurisdiction in New Jersey, Borak must have "purposefully availed" himself of the state.  Rodi v. Southern New England School of Law, 255 F. Supp.2d 346, 349 (D.N.J. 2003).  Borak contends that Ready Pac sought him out in New Hampshire; however, "[i]t is not significant that one or the other party initiated the relationship." Gen. Elec. Co., 270 F.3d at 151.

The Court concludes that Borak did have sufficient contacts with New Jersey to support

specific jurisdiction.  The allegations in the Second Amended Complaint against Borak are pled as claims for breach of contract and unjust enrichment.  Ready Pac's claims against Borak are grounded in therefore contract theories, though the Court notes that it is not clear whether there was a written contract between the parties, where any this potential contract was executed, or whether the parties had any agreement on how disputes about the contract would be resolved.  See Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994).  When the plaintiff's claims arise in contract, the Court must "analyze the totality of the circumstances surrounding a contract to determine whether the exercise of jurisdiction over the defendant is proper."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 99 (3d Cir. 2004).  There is not a requirement that the contacts are the proximate cause of the plaintiff's claims, but that the totality of the circumstances surrounding the contract, including the location and character of the negotiations, the terms of the contract, and the parties' actual course of dealing make the exercise of jurisdiction reasonable.  Id.; Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001).

The facts before the Court establish that Borak had a business relationship with Ready Pac and communicated with Ready Pac's New Jersey offices in various ways to carry out transactions pursuant to this relationship.  Many of those transactions culminated in deliveries of goods in New Jersey.  Borak's fax and telephone communications were part of this ongoing business relationship.  See Electro-Catheter Corp. v. Surgical Specialties Instrument Co., Inc., 587 F. Supp. 1446, 1455 (D.N.J. 1984).  Morever, Borak visited Ready Pac's New Jersey offices, allegedly with the intent and effect of furthering the business relationship between himself and Ready Pac.  The five separate instances where Borak was present in New Jersey are strong evidence of purposeful availment of the forum.  See, e.g., Carteret, 954 F.2d at 149-50; Gehling

11

v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544 (3d Cir. 1985).  In sum, Borak's

contacts with New Jersey are all related to his business dealings with Ready Pac, and Ready

Pac's claims arise out of alleged problems with those business dealings.

Having concluded that the minimum contacts analysis supports specific jurisdiction, the

Court must also consider whether the exercise of personal jurisdiction in this case would be

consonant with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co.

v. Superior Court, 480 U.S. 102, 113 (1987).  To show that fair play and substantial justice

would be violated, a defendant must "present a compelling case that the presence of some other

considerations would render jurisdiction unreasonable." Burger King, 471 U.S. at 477.  Factors

for the Court to consider include "the burden on the defendant, the forum State's interest in

adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of

controversies, and the shared interest of the several States in furthering fundamental substantive

social policies." Id. (internal quotations omitted).

Borak is inconvenienced by defending this case in New Jersey; he has been unable to

retain local counsel and has already had one default entered against him.  However, Borak's

contacts with New Jersey should have made it a reasonable possibility that he would be haled

into court in this jurisdiction.  He has presented evidence that he runs a small company, but he

has not provided evidence that being forced to defend this case in New Jersey is unreasonable.

The Court finds that it has personal jurisdiction over Borak.

## IV.     VENUE

Borak also argues that, regardless of the Court's determination on personal jurisdiction,

New Jersey is an improper venue for this case and seeks transfer to the United States District

Court for the District of New Hampshire.

The venue statute provides that in an action in federal court because of diversity of citizenship, a civil action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Ready Pac argues that venue is appropriate in this district under the latter two possibilities, because a substantial part of the events giving rise to the claim occurred in New Jersey, and Borak is subject to personal jurisdiction in this district.

The third method of establishing venue requires that all defendants be subject to personal jurisdiction in the chosen district. Both Defendant Hartt and Defendant Poland Springs deny that they are subject to personal jurisdiction in New Jersey, though they have not sought dismissal on that ground. Venue is a personal privilege of the defendant, and one defendant may not raise an objection on behalf of another, nor will the Court sua sponte consider the issue. The Court at this time considers the propriety of the venue only as to Defendant Borak under the "substantial part of the events or omissions" standard. 28 U.S.C. § 1391(a)(2).

This standard "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Cottman, 36 F.3d at 294. Borak's contacts with New Jersey, which the Court has already concluded were sufficient to give rise to personal jurisdiction, are similarly sufficient to establish New Jersey as a location where

"a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §

1391(a)(2). In determining where a substantial part of the events giving rise to the claim

occurred, courts look to factors including the place of the injury and the weight of the contacts.

Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 516 (D.N.J. 1998). Ready Pac alleges that Borak

diverted funds intended for Ready Pac in New Jersey and violated the agreements between the

parties. Borak allegedly failed "to follow through on the portions of the agreements that would

have required conduct in New Jersey," and this omission forms the basis of the allegations

against him. Print Data Corp. v. Morse Fin., Inc., Civ. No. 01-4430, 2002 WL 1625412, *6 (July

12, 2002). The alleged failure to send payments to New Jersey, and the alleged injury felt by

Ready Pac in New Jersey as a result, are the events giving rise to Ready Pac's claim. The Court

concludes that venue in New Jersey is appropriate on this basis.

Though venue is appropriate in one district, a case may be transferred to another district

where venue is also proper out of concern for the convenience of the parties, the convenience of

the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). Factors related to the private

interests of the litigants to consider include the plaintiff's forum preference, the parties' relative

physical and financial condition, and the location of books and records. Additionally, factors

related to the public interest include the enforceability of the judgment, the potential to make the

trial expeditious and inexpensive, court congestion in the alternative fora, the public policies of

the fora, and the local interest in deciding local controversies. Jumara v. State Farm Ins. Co., 55

F.3d 873, 879 (3d Cir. 1995). The defendant, as the moving party, bears the burden of

persuasion on a motion to transfer. Hoffer v. InfoSpace.com, Inc., 102 F. Supp. 2d 556, 572

(D.N.J. 2000).

Borak requests to transfer the case to the United States District Court for the District of New Hampshire, but he offers no information as to why that forum is an adequate alternative and no discussion of the factors mentioned above. Where, as here, the plaintiff has chosen his home forum, that choice will be given great deference. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 452 (D.N.J. 1999). Borak resides in New Hampshire, and the Court assumes that Borak's necessary witnesses and evidence are found in New Hampshire, while Ready Pac's necessary witnesses and evidence are presumably in New Jersey. It is not clear what other contacts the other parties have with New Hampshire, or how the private or public interests would be better served by transferring this case to that state. In the absence of this evidence, and based on the prior determinations that Borak is subject to personal jurisdiction in New Jersey and venue is proper in this state, the Court will not disturb the plaintiff's choice of forum. Borak's motion to transfer is denied.

## V.    CONCLUSION

Borak's motion to vacate the default entered against him is granted. The Court determines that Borak is subject to personal jurisdiction in New Jersey and that this judicial district is a proper venue for this dispute. Borak's motions to dismiss or transfer are denied. The default entered against defendant G.P. Borak Enterprises, LLC stands. An accompanying order will issue today.


Dated:    5-23-2008                               /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge